UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**DIANA LYNN BLANKENSHIP,**

    **Plaintiff,**

v.                                                                    **CIVIL ACTION 2:14-cv-27469**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 12), Brief in Support of Defendant's Decision (ECF No. 13) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 14).

Background

On October 3, 2011, Claimant filed a Title II application for disability and disability insurance benefits (DIB) and a Title XVI application for supplemental security income (SSI). Claimant alleged a disability onset date of September 5, 2011. Claimant met the insured status requirements of the Social Security Act through December 31, 2015. Both claims were initially denied on April 24, 2012, and upon reconsideration on July 13, 2012. On July 26, 2012, Claimant filed a written request for a hearing before an Administrative Law Judge (ALJ). A hearing was held on August 22, 2013, in Charleston, West Virginia. Claimant's applications were denied on August 30, 2013 (Tr. at 176). On October 24, 2013, Claimant filed a Request for Review of Hearing Decision (Tr. at 155-158). On September 5, 2014, the Appeals Council denied Claimant's request for review of the ALJ's decision (Tr. at 1-6). On October 31, 2014, Claimant brought the present action requesting this Court to review the decision of the Defendant and upon that review,

it reverse, remand or modify that decision (ECF No. 2).

<u>Standard of Review</u>

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2014). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2014). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education,

work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date of September 5, 2011, and meets the insured status requirements of the Social Security Act through December 31, 2015 (Tr. at 164). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of ischemic heart disease, coronary artery disease status post coronary artery bypass grafting, transient ischemic attack (TIA), diabetes, diabetic retinopathy, chronic kidney disease stage III and osteoarthritis of the lumbar spine. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 168). The ALJ then found that Claimant has a residual functional capacity to perform light work[1] (Tr. at 170). The ALJ concluded that Claimant could perform her past relevant work as a cashier stating "This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity"[2] (Tr. at 175). On this basis, benefits were denied.

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was

---

[1] The ALJ found that Claimant can only occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs. Claimant can never climb ladders, ropes or scaffolds. She must avoid concentrated exposure to cold, vibration, fumes, odors, dust, gases or poor ventilation. Claimant must avoid all exposure to hazardous conditions, such as unprotected heights and dangerous moving machinery. She wears glasses and has sufficient visual acuity to read normal and large print, work with small and large objects, and avoid workplace hazards (Tr. at 170).
[2] The ALJ found that in comparing Claimant's RFC with the physical and mental demands of her work as a cashier, Claimant is able to perform work as a cashier "as generally performed" (Tr. at 175).

3

defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

## Claimant's Background

Claimant was born on July 30, 1956.  On the date of the hearing, Claimant was 57 years old, divorced and had no children under the age of 18 (Tr. at 196).  Claimant has a driver's license. She graduated from Dunbar High School in West Virginia and attended two years at Ben Franklin, a career college, taking classes in home management.

## Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ erred in not recognizing that Claimant actually performed a "composite job" which entails duties of two jobs and in finding that she can return to the least strenuous of her past duties (ECF No. 12).  Claimant argues that the ALJ failed to perform the requisite analyses under SSR 82-61 and SSR 82-62 and failed to consider whether Claimant's cardiac impairments affect her ability to perform her past relevant work (ECF No. 14). Defendant

argues that substantial evidence supports the ALJ's determination that Claimant could perform her past work as a cashier and, thus, was not under a "disability" as defined by the Act (ECF No. 13).

Record

Claimant's Brief in Support of Motion for Judgement on the Pleadings asserts "For the sake of brevity, only evidence referenced in the argument below will be summarized here. The issues herein are primarily legal issues and not fact driven" (ECF No. 12). Claimant merely asserts the following as "Relevant Medical and Other Evidence:"

> Blankenship listed her previous job titles to include customer service representative (casino) at The Hot Spot, manager/customer service at Fast Check and Save-a-Lot, manager/cashier at Family Dollar, and deli clerk at Kroger (Tr. 400). She stated her customer service representative (casino) position included walking or standing eight hours, sitting two hours, and lifting/carrying up to 10 pounds at a time (Tr. 401). Her manager/cashier positions were described to include walking and standing eight hours and lifting and carrying up to 50 pounds of supplies from a truck for stocking along with maintaining the register till (Tr. 402, 403). Blankenship stated her position as a deli clerk required her to walk or stand five hours and 15 minutes at a time, and use machines to slice meat for customers (Tr. 404, 405). In the Section 3 – Remarks section, Blankenship explained that after her cardiac bypass surgery, she was demoted to cashier and lost a significant number of hours (Tr. 407). (*Id*).

Defendant asserted that "Because Blankenship does not object to the ALJ's RFC finding that Blankenship's impairments do not preclude her from performing a range of work at the light level of exertion, the Commissioner adopts the facts as recited in the ALJ's decision of August 30, 2013" (ECF No. 13). The unopposed ALJ's RFC provides:

Claimant has a residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she can only occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs. Claimant can never climb ladders, ropes or scaffolds. She must avoid concentrated exposure to cold, vibration, fumes, odors, dust, gases or poor ventilation. Claimant

must avoid all exposure to hazardous conditions, such as unprotected heights and dangerous moving machinery. She wears glasses and has sufficient visual acuity to read normal and large print, work with small and large objects, and avoid workplace hazards (Tr. at 170).

As Claimant argues that the ALJ's determination that she could return to past relevant work as a cashier failed to perform the requisite analyses under SSR 82-61 and SSR 82-62, the following examination[3] of the Vocational Expert (VE) at the hearing by the ALJ is relevant.

> Q Okay. With that, please identify the past work performed by the claimant within the past 15 years, and explain the skill and exertional level of each as described by the claimant, and as customarily performed in the national economy.
>
> A Your honor, it appears that some of her work would be what I call composite work. In other words, there were a variety of physical demand activities that were done at varying levels. And, I'm going to start with the HotSpot, customer service representative. I believe this is a light occupation, even though the individual reports that she sat for a period of six hours. And the reason I say this is that based on her testimony, she interacted as a server with customers. She did errands outside the establishment, but purchasing beverages and bringing them in. So, I could not, even though she says she sat for six hours at a time, perhaps, certainly not six hours at a time, but, during a period of eight hours, she may have sat for periods up to six hours. I do not call that sedentary work.
>
> Q How is it performed in the national economy?
>
> A As performed in the national economy its light. And the reason its light is because it has to do with management of coins. So that she would lift weights above 10 pounds. Her work as a cashier is light, unskilled. Her work in the Deli, would be medium, semi-skilled, SVP 3. And then she indicated in two of her listings in 5E that she worked both as a cashier and as a manager. The managerial portion would be light work, skilled, at the SVP 6 level. The cashier work would be SVP 2. And, she also did stock work, which, based on her testimony, would be light, although often times stock work in those establishments, that of the Save-A-Lot and Family Dollar would be medium.

---

[3] The ALJ speaking at the hearing is represented in the transcript excerpt with "Q" and the Vocational Expert with "A."

6

Q Okay. But she described --

A As she described it would be light. I believe that covers it all.

Q Okay. In her job as a cashier in a department store, she said she lifted up to 50 pounds. This was in 2005 to 2006.

A Then that would be medium. But, that would be materials handling. Because cashiers generally don't handle 50 pounds of material. And materials handler would be unskilled.

Q So, that's also a composite job?

A Correct.

Q Okay. And her job in the Deli was performed at medium? Even though she stated that she did it --

A The Deli worker is medium by DOT standard. But, --

Q She said that she did --

A -- she said that she did light work.

Q Okay. And, what skill level is that? The job?

A SVP 2.

Q I thought you said SVP 3? For the deli? It's 2? I could be mistaken.

A Well, actually, she said that she cut and sliced meat, which is two. And that would be light. But, she also worked at the counter, let's make it SVP 2.

Q Okay. All right. At this point, I'm going to ask the vocational expert several hypothetical questions about an imaginary individual, the claimant's age, education, and past work experience. Further assume such individual is capable of light work with occasional balancing, stooping, kneeling, crouching, crawling, climbing ramps and stairs. No climbing ladders, ropes of [sic] scaffolding. Avoid concentrated exposure to cold, vibrations, fumes, odors, dust, gases, poor ventilation, and all exposures to hazardous conditions, unprotected heights, and dangerous moving machinery. Can such an individual perform any of the claimant's past work?

A  Not as she performed it.

Q  Hum?

A  I don't think as she performed it.

Q  Not as she performed it.  But what about as customarily performed?

A  She could carry out the work activities of the cashier.

Q  Any of the other jobs?

A  Well, the managerial work is light.

Q  Now, she said that she performed the job in deli as light.  Could she perform this -- that job?

A  Well, you said avoid hazards.

Q  No, I'm just seeking clarification.

A  In my opinion --

Q  Okay.

A  -- hazards would be an issue when they're doing slicing of meat.  So, no.

Q  Okay, all right.  That's fine.  I just needed clarification.  But he job as a cashier in the department store or in the grocery store?

A  Yes.

Q  I'm going to take this one step further.  Could such an individual perform other work, and if so, could you give a few examples of the jobs, including skill level?  As well as the exertional level and the number of jobs that exist in both the national and regional economies.

A  May I have a few moments?

Q  Yes.

A  Your honor, I believe such an individual could work as a companion.  DOT code 309.677-010.  Nationally 195,000;

8

regionally 5,000. The region is West Virginia, Kentucky, and Ohio. I believe such an individual could work as a mail clerk, non-postal. DOT code 209.687-026. Nationally 190,000; regionally 5,000. I believe such an individual could work as a packing and receiving clerk. DOT code 222.587-108. Nationally 30,000; regionally 700. The packing and shipping clerk is light, SVP 3. The companion is light, SVP 3. The postal, non-postal mail clerk is SVP 2.

Q Okay. Is your testimony consistent with the DOT?

A Yes.

Q In the second hypothetical, assume if you will, and [sic] individual of the claimant's age, education, and past work experience. Further assume such individual with the same limitations as in hypothetical number one. In addition, requires glasses, requires to have -- wear glasses. And has sufficient visual acuity to read normal and large print. Work with small and large objects, and to avoid workplace hazards. Could such an individual perform any of the past work?

A Yes.

Q Which, which jobs?

A The cashier.

Q The cashiers? Okay. As she performed it? Just like --

A Yes.

Q Or is that as customarily performed?

A Either way, yes, she can. And as customarily performed.

Q Okay. Now, I just want clarification, because in the first you, would you read back what the response was in this first hypothetical number one? I thought it was just as customarily performed?

A Not as she performed it.

Q So, your response to hypothetical number one, when I gave you those limitations, you said she could do -- such an individual could do the claimant's past work -- the claimant's past work as customarily performed. Under the DOT.

9

A Correct.

Q Not as she performed it.

A Now I'm confused, myself. As she -- I thought -- in my last -- in my response on her work, I indicated that she could do the cashier work but she could not -- as she performed her work, cashier was only a portion of the work. So, not as she performed it. But as it's performed in the national economy she could.

Q Yes. That was my understanding.

A All right.

Q Okay. All right.

A Now, you're asking me with this one, --

Q Yes.

A -- if the vision issues --

Q Right. Even addition to the -- in addition to the limitations in hypothetical number, one, I've added this additional limitation, that such an individual would require --

A My response, is as she performed the work no. But as customarily performed, yes.

Q Okay. All right. Thank you. Thank you for that clarification. And, we'll take this one step further. Could such an individual perform other work, and if so, could you give a few examples of the jobs, including the skill level and the exertional level as well as the number of jobs that exist both in the national and regional economy?

A It's my opinion that the vision limitations would not affect the jobs that I offered.

Q Okay. So, the same jobs given in hypothetical number one would apply to this situation?

A Yes.

Q Okay. Is your testimony consistent with the DOT?

A Yes. (Tr. at 212-221).

10

Discussion

Claimant argues that the ALJ's determination that she could return to past relevant work as a cashier is unsupported by substantial evidence on the record for failure to perform the requisite analyses under SSR 82-61 and SSR 82-62. (ECF No. 12 at 9). Under the fourth step of the sequential evaluation process, the ALJ must determine a claimant's RFC, and in turn ascertain whether the claimant is capable of performing past relevant work. 20 C.F.R. § 416.920(a)(iv). Past relevant work is "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the individual] to learn to do it." 20 C.F.R. § 416.960(b)(1); *see also* 20 C.F.R. § 416.965(a); *Connolly v. Bowen*, No. 88-3116, 1989 WL 79726, at *2 (4th Cir. Jul. 14, 1989) (holding that "in order to be classified as past relevant work, for the purpose of determining disability, the work must have been substantial gainful activity").

Social Security Ruling 82-61 and Social Security Ruling 82-62 both provide guidance as to how the ALJ determines whether a Claimant is capable of doing past relevant work. Social Security Ruling 82-61 cautions that "finding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable." SSR 82-61, 1982 WL 31387, at *1 (S.S.A. 1982). Instead, the ALJ must determine if "the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it," or in the alternative "if the claimant cannot perform the excessive functional demands and job duties as generally required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy." *Id.* at *2. If so, then the claimant should be found "not disabled." *Id.* However, SSR 82-61 cautions that "composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the [Dictionary of Occupational Titles]"

11

and therefore must be "evaluated according to the particular facts of each individual case." *Id.*

Under Social Security Ruling 82-62, in order to find that a claimant can perform a past relevant job, the ALJ's decision "must contain among the findings the following specific findings of fact: (1) A finding of fact as to the individual's RFC; (2) A finding of fact as to the physical and mental demands of the past job/occupation; (3) A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62, 1982 WL 31386, at *4 (S.S.A. 1982); *see also Harris v. Secretary, Dep't of Health and Human Servs.*, No. 88-3113, 1989 WL 7013, at *2 (4th Cir. 1989) (holding that the ALJ "must determine precisely the activities involved in the claimant's former job or activities and the activities that the claimant is capable of performing"). SSR 82-62 further instructs that "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." SSR 82-62, 1982 WL 31386, at *3.

"The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision." *Id.* Furthermore, "an ALJ's duty to further develop the record concerning a claimant's past relevant work arises when the ALJ is alerted by the record to the presence of an issue on the subject of past relevant work." *Adams v. Colvin*, No. 2:13–cv–00019–FDW–DSC, 2014 WL 1713775, at *8 (W.D.N.C. May 1, 2014) (quoting *Floyd v. Astrue*, No. 3:10-cv-474, 2011 WL 4946311, at *4 (W.D.N.C. Jun. 6, 2011)).

In a recent similar case, this Court held that an ALJ's determination that a claimant could perform past relevant work did not comply with SSR 82-62 when the ALJ failed to make a finding of fact as to the physical and mental demands of the claimant's past jobs. *Koch v. Colvin*, 2014

U.S. Dist. LEXIS 79504 (S.D. W.Va. May 19, 2014) (unpublished opinion). In *Koch,* the ALJ determined that the claimant was "capable of performing past relevant work as a cashier," and that "[t]his work does not require the performance of work related activities precluded by the claimant's residual functional capacity." Although the claimant listed prior jobs including a "Deli Cashier," the only description of cashier work she provided was that she would "run [a] register." The ALJ held that it appeared from her description of prior jobs that register work comprised only a portion of her job duties and requisite functions, which also consisted of lifting cases of beverages and large ice bags, as well as carrying deli trays and other food items, serving food, stocking shelves and coolers, and both sweeping and mopping. However, at the hearing the vocational expert testified that the work of a deli prep worker, deli stock clerk, and cook are all considered medium work, whereas the job of a cleaner or janitor is considered light to medium work. Because the ALJ in *Koch* determined that the claimant could only perform light exertional work, the ALJ held that the claimant was not capable of performing her past relevant work functions as she had performed in her prior composite cashier position. The decision was not clear whether the claimant would be able to perform cashier duties as they are generally performed in the national economy pursuant to DOT. The vocational expert testified that cashier work is considered to be a "light, SVP 2, unskilled" job. Nevertheless, neither the ALJ nor the vocational expert elaborated as to the specific job functions required of a cashier as generally performed in the national economy. The *Dictionary of Occupational Titles* (DOT) includes several listings for the position of cashier, which have slightly different requirements.

Ultimately, the ALJ found that the claimant's RFC was not supported by substantial evidence on the record. When considering that the ALJ stated the claimant's RFC may very well be restricted to less than a full range of light work, the ALJ's determination as to the claimant's

13

ability to perform past relevant work must also be reevaluated in light of her new RFC assessment. In *Koch*, Judge John T. Copenhaver, Jr., found that because the ALJ did not engage in adequate analysis or make sufficient findings of fact as to the physical and mental demands of the claimant's past relevant jobs, this Court could not determine if the ALJ's decision was supported by substantial evidence and thus remanded the matter for further administrative action.

In the present matter, the ALJ found that Claimant is capable of performing past relevant work as a cashier as that position does not require the performance of work-related activities precluded by her RFC (Tr. at 175). The ALJ's decision stated the following:

> The vocational expert testified the claimant's past relevant work as a cashier was light exertion and unskilled. She indicated the claimant's past relevant work as a deli counter worker was medium exertion and semi-skilled in the Dictionary of Occupational Titles, but the claimant performed the job at the unskilled light exertion level.
>
> Social Security Ruling 82-61 proves that an individual will be found "not disabled" when it is determined that she retains the residual functional capacity to perform the actual function demands and job duties of a particular past relevant job, or the functional demands and job duties of the occupation as generally required by employers throughout the national economy.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of the claimant's work as a cashier, the undersigned finds that she is able to perform it as generally performed. The vocational expert testified at the hearing that an individual with the limitations in the claimant's residual functional capacity would be able to perform her past relevant work as a cashier as generally performed in the national economy. She stated the claimant's past relevant work as a deli counter worker would be precluded due to the limitation of avoiding hazards. The testimony of the vocational expert is accepted by the undersigned in accordance with SSR 00-4p. (*Id.*)

Neither the ALJ nor the VE specified the physical and mental demands of a cashier position. Nor did the ALJ or the VE specify and describe which cashier position as listed by the

DOT. The VE testified about the demands of Claimant's prior positions of customer service representative, stock worker, materials handler, deli worker and manager. However, as to Claimant's prior experience as a cashier the VE testified that the position was light, unskilled at the SVP 2 level (Tr. at 213-214). Claimant reported lifting up to 50 pounds when working as a cashier in 2005 to 2006, however, the VE testified that cashiers generally don't handle 50 pounds of material and that a materials handler would be the proper position performing that task. Therefore, the VE testified that Claimant's work as a cashier was a composite job because she also performed the functions of other positions and at other task levels (Tr. at 214-215).

Conclusion

The ALJ failed to: specify which cashier position Claimant could perform and to describe; perform the requisite analyses under SSR 82-61 and SSR 82-62; and make findings of fact as to the physical and mental demands of her past relevant job as a cashier. Consequently, the undersigned proposes that the United States District Court remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action. Other issues raised by the parties shall be addressed on remand.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 12), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 13), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge John T. Copenhaver, Jr.. Pursuant to the

provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: February 26, 2016

_____
Dwane L. Tinsley
United States Magistrate Judge